**FILED**
**Jun 18, 2026**
**10:21 AM(ET)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT CHATTANOOGA

| | |
|---|---|
| **SARAH BIVENS,** <br>     **Employee**, <br> **v.** <br> **ACADIA HEALTHCARE** <br> **MANAGEMENT, INC.,** <br>     **Employer**, <br> **And** <br> **SAFETY NATIONAL CASUALTY** <br> **CORP.,** <br>     **Carrier**. | **Docket No. 2025-10-2951** <br><br> **State File No. 26887-2025** <br><br> **Judge Audrey Headrick** |

## EXPEDITED HEARING ORDER

Ms. Bivens requested benefits for injuries from a fall at work. Acadia denied the claim, asserting her injury was idiopathic. For the reasons below, the Court holds Ms. Bivens is not entitled to the requested benefits.

### Claim History

Ms. Bivens, a receptionist, testified that on April 22, 2025, she "tripped" while walking down a hallway and carrying a water bottle because the "floor is tremendously uneven." To put the fall into context, Ms. Bivens explained that the day was very stressful because it was the first day that Acadia, a Methadone clinic, implemented a new drug screen. She felt stressed because of uncertainty about how to relay the new information to the patients, and she was on her feet "a lot" that day.

Ms. Bivens recalled falling. She said her knee/foot did not give out, and she did not have any medical condition that caused the fall. Despite heavy rain that day, Ms. Bivens did not remember whether the floor was wet.

After the fall, Ms. Bivens received emergency treatment for a head injury from

1

striking it on the floor and a knee fracture that required surgery with hardware implantation. She was hospitalized for two and a half weeks.

Acadia denied Ms. Bivens's claim a week after her fall, stating it was idiopathic. Ms. Bivens's personal health insurance paid 80% of her treatment, leaving her with co-pays exceeding $10,000.00. During her recovery, she received payments from personal leave time and short-term disability benefits.

Shannon Doggette, Acadia's Director of Workers' Compensation Claims, submitted a video of Ms. Bivens's fall. The video shows Ms. Bivens walking to the restroom at the end of a hallway. She exited the restroom and started walking towards her desk. Before reaching the end of the hallway, Ms. Bivens appears to trip. Her body lunged forward, causing her to land awkwardly on her knee and strike the back of her head on the floor.

Ms. Bivens testified that, after later returning to work using a walker and then a cane, she noticed the unevenness of the hallway floor.

Ms. Doggette testified that she never received any complaints about the flooring.

### Findings of Fact and Conclusions of Law

Ms. Bivens must prove she is likely to prevail at a hearing on the merits regarding her request for benefits. Tenn. Code Ann. § 50-6-239(c)(6) (2025); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

The threshold issue is whether Ms. Bivens suffered an idiopathic injury or a work injury. An idiopathic injury has an "unexplained origin or cause and generally does not arise out of the employment unless 'some condition of the employment presents a peculiar or additional hazard.'" *Frye v. Vincent Printing Co.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 34, at *11 (Aug. 2, 2016) (internal citation omitted). "Cause" in this context "means that the accident originated in the hazards to which the employee was exposed as a result of performing his or her job duties." *Id*. at *12.

Acadia asserted that it properly denied Ms. Bivens's claim based on the video, which appears to show a fall occurring on level flooring with no contributing hazard. Relying on *Wilhelm v. Krogers*, 235 S.W.3d 122, 128-29 (Tenn. 2007), Acadia

2

argued that "Tennessee courts have consistently held that an employee may not recover for an injury occurring while walking unless there is an employment hazard, such as a puddle of water or a step, in addition to the injured employee's ambulation." The Court clarified that "some hazard, such as the presence of a liquid, hole, obstacle, or a vehicle, must exist." *Id*. at 129.

Ms. Bivens argued about the traumatic nature of the fall, the stressful day, and the unevenness of the floor. She pointed out that no one rebutted her testimony that the floor was uneven. While true, the Court viewed the video of Ms. Bivens's fall. The floor appears level with no hazard present. Other than asserting the floor was uneven, Ms. Bivens offered no detailed description of exactly how the floor was "uneven" or why it appeared smooth and level in the video.

The Court finds that Ms. Bivens identified a specific hazard of her employment that caused her injuries – an uneven floor. However, she offered no evidence of the floor's unevenness. Instead, the video footage suggested Ms. Bivens tripped and fell on a level surface with no visible hazard. Without further evidence, she is unlikely to prevail at a hearing on the merits in proving her entitlement to the requested benefits at this time.

**IT IS, THEREFORE, ORDERED** as follows:

1.  The Court denies Ms. Bivens's request for benefits at this time.

2.  The parties shall appear for a Status Hearing on Monday, August 24, 2026, at 10:30 a.m. Eastern Time/9:30 a.m. Central Time. The parties must call 423-634-0164 or 855-383-0001 to participate. Failure to call might result in a determination of the issues without the party's participation.

**ENTERED June 18, 2026.**

**JUDGE AUDREY HEADRICK**
**Court of Workers' Compensation Claims**

3

# APPENDIX

<u>Exhibits</u>:

1. Rule 72 Declaration of Ms. Doggette
2. Video taken on April 22, 2025, USB drive filed under seal
3. Notice of Denial
4. Wage Statement
5. Stipulations

## CERTIFICATE OF SERVICE

I certify that a copy of this order was sent as shown on June 18, 2026.

| Name | Email | Service sent to: |
| --- | --- | --- |
| Adam Brock-Dagnan, Employee's Attorney | X | Adam.brockdagnan@forthepeople.com Kelly.slagle@forthepeople.com Christopher.howell@forthepeople.com |
| Kitty Boyte, Employer's Attorney | X | Kitty.boyte@petersonwhite.com |

**PENNY SHRUM, COURT CLERK**
**wc.courtclerk@tn.gov**

5



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
    - ➤ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
    - ➤ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.

    When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

    **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies). Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____  ☐ Motion Order filed on _____

☐ Compensation Order filed on_____  ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*